**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| HEADSTRONG CORPORATION, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Civil Action No. 3:05CV813-HEH |
| ) | |
| SATISH JHA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Denying Plaintiffs' Second Renewed Motion for Entry of Default and Dismissing Case Against Defendant Satish Jha )**

This matter was before the Court on April 5, 2007 for a hearing on Plaintiffs' Second Renewed Motion for Entry of Default filed on January 29, 2007. Local counsel Robert Redmond, Jr. and Aldren Eldredge appeared on behalf of the Plaintiffs. The record reveals an extensive history of attempts to complete service of process in this case, and the Court ruled after a February 13, 2007 hearing that special substituted service of process on foreign counsel was sufficient. Upon considering the new evidence offered at the April 5 hearing, however, the Court finds that its conclusion that service of process on the defendant was legally sufficient was in error. As a result, this Court lacks personal jurisdiction over the defendant and the case must be dismissed.

**I. Background**

Plaintiffs Headstrong Corporation ("Headstrong Corp.") and Headstrong Worldwide, LTD ("HWL") (collectively "Headstrong" or "Plaintiffs") filed the

1

Complaint in this case on November 25, 2005, alleging claims of defamation and libel, defamation per se, intentional interference with contractual rights and prospective economic advantage, abuse of process, and conspiracy to injure Plaintiffs in their reputation, trade, business or profession in violation of Virginia Code § 18.2-499, against Defendant Satish Jha.

The record reveals that Mr. Jha was a partner in a joint venture with James Martin & Co. (India) Private Limited ("James Martin & Co."). In 1992, the parties entered into a Joint Venture Agreement in India. James Martin & Co. became Headstrong, Inc. in 2000. The relationship between Mr. Jha and Headstrong terminated sometime around 2001, when Mr. Jha allegedly sold his interest in the joint venture. Thereafter, Mr. Jha began doing business as "James Martin Holdings" and sent electronic mail ("e-mails") to individuals in India claiming that Headstrong was violating injunctive orders entered by the Superior Court of New Delhi. Three separate lawsuits regarding the relationship between Mr. Jha and Headstrong are already pending in the courts of the Republic of India, where the defendant resides, the business dealings occurred, and the e-mails were composed and sent. There is no evidence of any activity by the defendant in the United States.

The Deputy Clerk of this Court filed a Notice of Abatement on April 5, 2006, because service of process had not been effected. Headstrong responded on April 20, 2006, that the 120-day time limit set forth in Federal Rule of Civil Procedure 4 did not apply because of the necessity for service of process in India. The following day, this

Court entered an Order noting that Headstrong should update the Court every 30 days as to their efforts to serve Defendant.

The Court heard oral argument on February 13, 2007, on Plaintiffs' Second Renewed Motion for Default. Because no evidence was introduced establishing personal jurisdiction over the defendant or specificity as to damages, the Court requested further briefing and argument on these issues. The Court limited its ruling that day to finding that Mr. Jha was on notice of the lawsuit pending against him in this Court, and therefore service of process was adequate. The Court now revisits that finding.

## II. Service of Process Was Inadequate

On October 10, 2006, this Court ordered Headstrong to update the Court regarding service or face dismissal. Headstrong responded on October 16, 2006, claiming that they had achieved service as of April 17, 2006 and attached a Renewed Motion for Entry of Default. The Court ruled on October 30, 2006, that this attempted service on Mr. Jha's ex-wife Amita Deepak Jha was insufficient and denied the motion. At that time, the Court informed Headstrong of correspondence from Mr. Jha contained in the Court's file. This correspondence indicated that Mr. Jha was aware of the lawsuit and that a copy of the summons could be sent to his lawyer in India, whose address Mr. Jha provided.

Headstrong sent a copy of the Complaint to Mr. Jha's lawyer, Anish Dayal, in India via Federal Express International on November 2, 2006, as directed by Mr. Jha's letter. Mr. Dayal refused to accept delivery of the Federal Express package on November 6, 2006. (Pls.' Second Renewed Mot. For Default ¶ 7.) On November 17, 2006, the Court

3

received a letter from Mr. Dayal dated November 9, 2006, indicating that although Plaintiffs had attempted to serve his office, he was not authorized or qualified to represent his client in United States proceedings. Headstrong, having received a copy of the same letter from Mr. Dayal, made a Second Renewed Motion for Entry of Default on January 29, 2007.

Mr. Dayal contended in his letter to this Court that Plaintiffs' service of process on him in India was "unauthorized, illegal and not recognized under the Hague Convention."[1] Federal Rule of Civil Procedure 4(f) provides that service may be effected in a foreign jurisdiction by any form of mail requiring a signed receipt, absent an international agreement to the contrary. *See* Fed. R. Civ. P 4(f)(2)(C)(ii).

The court in *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376 (E.D. Va. 1997), held that as long as the method of making service of process is not *prohibited* in the foreign country, it is valid under Rule 4(f)(2)(C)(ii). *See* 174 F.R.D. at 380. The court noted in *Dee-K* that interpreting Rule 4(f)(2)(C) to mean that all forms of service not "prescribed" are "prohibited" would render that subsection superfluous to subsection (f)(2)(A), which allows service in a foreign country in any manner "prescribed" by the law of that country. *See id.* The Code of Civil Procedure (Amendment) Act 2002 (India) amended Order V, First Schedule, Rule 9(4), states that when a defendant resides outside the jurisdiction of the court in which the suit is instituted, service of summons may be

---

[1] India is presently not a signatory to the Hague Convention.

made either on "the defendant, *or his agent empowered to accept the service*" as described in Rule 9(3).[2] Rule 9(4) explicitly precludes the possibility of service of process on an agent of a defendant residing outside of the jurisdiction of the court by "registered post acknowledgment due." Code of Civil Procedure (Amendment) Act, No. 22 of 2002. Plaintiffs attempted to serve Mr. Dayal, whom they believed to be Mr. Jha's agent, by Federal Express with return receipt. This method of service is prohibited by India's Code of Civil Procedure.

Additionally, Mr. Dayal may have been empowered to accept service on behalf of Mr. Jha at the time Mr. Jha wrote to the Court with Mr. Dayal's address on July 7, 2006. However, it is reasonably inferred from Mr. Dayal's correspondence that he was no longer authorized to accept service in this case at the time Plaintiffs mailed the summons in November 2006. Accordingly, this service directly violates the requirements of Indian law. Even where a defendant has actual notice of a suit, as Mr. Jha apparently has here, service is still inadequate if it does not comply with the applicable rules of procedure. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984).

### III. This Court Lacks Personal Jurisdiction over Mr. Jha

Failure to obtain proper service deprives a district court of personal jurisdiction over the defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). This Court

---

[2]*See* Code of Civil Procedure (Amendment) Act, No. 22 of 2002, India Code, *available at* http://indiacode.nic.in/.

now concludes that Plaintiffs did not obtain adequate service of process on Mr. Jha. Accordingly, this Court lacks personal jurisdiction.

It is unclear whether the law of this circuit permits a district court to raise the issue of personal jurisdiction *sua sponte* when considering a plaintiff's motion for a default judgment against an absent defendant. Several other circuits have decided this issue in the affirmative. Although challenges to personal jurisdiction are assumed to be waived if no objection is made either by motion or in a responsive pleading, *see* Fed. R. Civ. P. 12(h), it is uniformly accepted that a default judgment is void when rendered against a defendant over whom a court does not have personal jurisdiction. *See Koehler*, 152 F.3d at 306–07. Therefore, some courts have found that a district court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties" when entry of default is sought against a party who has failed to plead or otherwise defend the suit. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). The Ninth Circuit agreed, stating: "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The circuits are in accord that a court does not have the authority to dismiss, *sua sponte*, for lack of personal jurisdiction where a defendant files a responsive pleading or enters a general appearance. *See, e.g., Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir. 1988). In the immediate case, it is obvious from the record that under no theory of long-

arm jurisdiction would this Court have personal jurisdiction over the defendant.

Where a district court is considering entering a default judgment, it may be appropriate for the court to afford plaintiffs notice and an opportunity to present evidence asserting the court's jurisdiction over the absent defendant. *In re Tuli*, 172 F.3d at 713. At the February 13, 2007 hearing, this Court explicitly instructed Plaintiffs to brief and argue the issue of whether this Court has personal jurisdiction over Mr. Jha. Oral argument was held on April 5, 2007, and Plaintiffs presented evidence in an attempt to establish this Court's personal jurisdiction over Mr. Jha.

The evidence offered does not support a finding that Mr. Jha is subject to the reach of the Virginia long-arm statute or that he has "minimum contacts" with Virginia to the extent that this Court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). Plaintiffs brought to the Court's attention a press release dated January 2006 stating that Mr. Jha joined Evergreen Systems, an Information Technology consulting firm headquartered in Sterling, Virginia, as an employee. (Pls.' Ex. 7.) However, this alone does not support an inference that Mr. Jha has ever been present in Virginia or is doing business in Virginia. *See* Va. Code § 8.01-328.1(A).

Equally unavailing are Plaintiffs' exhibits 1–5, the allegedly defamatory e-mails. It appears that each of these e-mails were sent to individuals in India, not in Virginia, and furthermore Mr. Jha is the signed author of only one of these five communications. (Pls.'

Ex. 2.)  For specific personal jurisdiction to arise out of the existence of these allegedly defamatory e-mails, they must have been expressly directed at Virginia,  not merely "re-published" in Virginia after being forwarded by innumerable individuals from India across the world.  *See Young v. New Haven Advocate*, 315 F.3d 256, 262 (4th Cir. 2002); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625–26 (4th Cir. 1997).  Headstrong did not allege that Mr. Jha actually directed these e-mails into Virginia but claimed that the e-mails were "broadly and globally republished using widely known internet technology." (Pls.' Proposed Findings of Fact ¶ 12.)  This averment does not meet the jurisdictional standard.  The act of placing information on the Internet, for example through e-mails, does not by itself subject the author to personal jurisdiction in any place where the information might be accessed.  *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).  Any judgment entered by the Court on this record would be voidable on due process grounds.  The presumption of personal jurisdiction, which ordinarily attaches when the defendant is in default, must yield when the record clearly reveals no legal basis for personal jurisdiction in the trial court.

### IV. Conclusion

For the reasons stated above, this Court finds that service of process on Mr. Jha was inadequate.  The Court will therefore dismiss Plaintiffs' action against Mr. Jha.

An appropriate Order will accompany this Memorandum Opinion.

                                                                   /s/
                                            Henry E. Hudson
                                            United States District Judge

ENTERED this   27th   day of   April   2007.
Richmond, VA